# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSHA DABNEY, | : | |
| Plaintiff, | : | Civil No. 17-8484 (RBK) (JS) |
| v. | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

The Plaintiff, Osha Dabney, was a former state prisoner incarcerated at South Woods State Prison in Bridgeton, New Jersey. The plaintiff is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1] to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief can be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

---

[1] Even though Plaintiff is no longer incarcerated, he was a prisoner at the time of the filing of this Complaint. Therefore, Plaintiff's Complaint is still subject to screening pursuant to 28 U.S.C. § 1915A. *See Ahmed v. Dragovich*, 297 F.3d 201, 210 (2002); *see also Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667 (7th Cir. 2012) (holding that "prisoner" status under § 1915A is determined by whether inmate was confined when suit was filed).

## II. FACTUAL BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names three defendants: (1) New Jersey Department of Corrections; (2) Willie Bonds, Administrator of the South Woods State Prison; and (3) DEPTCOR.

Plaintiff was incarcerated at the South Woods State Prison for a period of time during 2014. While there, Plaintiff was assigned to work in the prison's printing shop. As part of Plaintiff's job, he was instructed to clean the printing machine. This task required Plaintiff to spray a cleaning solution onto a rag, and "hold the rag onto the rollers until the ink was removed from the rollers." (Dkt. No. 1 at pg. 6). On October 31, 2014, at approximately 11:40 a.m. while Plaintiff was cleaning the roller, the tip of his left-hand plastic glove was "sucked into the machine." (*See id.*). As a result, the tip of Plaintiff's left-hand ring finger was severed. Plaintiff was unable to stop the machine because the "stop button" was located on the left-hand side, the same side as Plaintiff's caught hand.

When Plaintiff was eventually freed from the machine, the tip of his finger was located and placed on ice by prison officials. Orders were allegedly given for Plaintiff to be sent to the hospital. However, Plaintiff was not taken to a hospital until 3:20 p.m., several hours later after the incident. Later that same day, October 14, 2014, Plaintiff filed a Notice of Tort claim with the State of New Jersey's Division of Risk Management. Plaintiff stated in the instant Complaint simply that "the claims investigator [in his tort action] found no liability against the Agency DOC/SWSP." (Dkt. No. 1 at pg. 5).

## III. LEGAL STANDARDS

Under the Prisoner Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a person is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A. Statute of Limitations

This Court first addresses the statute of limitations on § 1983 claims since it appears from the face of Plaintiff's Complaint that his action is time-barred. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017).

Although § 1983 provides a federal cause of action for personal-injury claims, the statute of limitations is governed by the law of the State in which the action arose. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Estate of Lagano v. Bergen Cty. Prosecutor's Office,* 769 F.3d 850, 859 (3d Cir. 2014). In New Jersey, the statute of limitations for personal-injury torts is two years. N.J. Stat. Ann. § 2A:14-2. However, while the statute of limitations is borrowed from state law, federal law actually governs when the two-year statute of limitations begins to accrue. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Federal law instructs that a § 1983 action begins to run when the facts which support the claim reasonably should have become known to the plaintiff. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at

634. Significantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) *aff'd*, 504 F. App'x 182 (3d Cir. 2012) (emphasis added). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

New Jersey law governs when accrual of a § 1983 claim may be delayed pursuant to the discovery rule or equitable tolling. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002). "A district court must incorporate state equitable tolling principles, unless they conflict with federal law and policy." *Kaplan v. Ebert*, No. 14-0605, 2015 U.S. Dist. LEXIS 133409, at *32 (M.D. Pa. Sep. 30, 2015) *aff'd,* 648 Fed. App'x 177 (3d Cir. 2016) (citing *Lake v. Arnold*, 232 F.3d 360, 369 (3d Cir. 2000)).

The discovery rule in New Jersey permits a delay of the two-year statute of limitations where a "plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person." *Dique*, 603 F.3d at 185 (citing *Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001)). This postponement is allowed until the "injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim." *Id*. Once a potential claimant becomes aware of the facts underlying the injury and fault, however, then the statute of limitations begins to run. *See Grunwald v. Bronkesh*, 621 A.2d 459, 463 (N.J. 1993).

Generally, the discovery rule is only used in special circumstances and where the interests of justice require in order "to postpone the accrual of a cause of action when a plaintiff does not and cannot know the facts that constitute an actionable claim." *Id.* at 493; *see also Jonas v. Gold*, 627 F. App'x 134, 139 (3d Cir. 2015).

New Jersey law also permits the two-year statute of limitations to be delayed pursuant to equitable tolling. The doctrine of equitable tolling allows a plaintiff to file their claim even after the statute of limitations has expired if "they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Rolax v. Whitman*, 175 F. Supp. 2d 720, 729 (D.N.J. 2001) (quoting *McHenry v. Pennsylvania State System of Higher Education*, 50 F. Supp. 2d 401, 407 (E.D.Pa. 1999)). "[E]quitable tolling may be applied where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" or where a plaintiff "has in some extraordinary way been prevented from asserting his rights." *Freeman v. State*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002) (internal citations and quotations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* (alteration in original).

Here, Plaintiff's injury occurred on October 31, 2014. Plaintiff knew on October 31, 2014 that he was injured, as evidenced by the fact that he lost a portion of his finger and was taken to the hospital on that date. Further, it can be demonstrated that Plaintiff was aware of the fact of his injury and that his injury could be attributed to the fault of another because he filed a Notice of Tort claim with the State of New Jersey on the same day he lost a portion of his finger and was taken to the hospital. Accordingly, since Plaintiff knew that he was injured on October 31, 2014, that is the date that the statute of limitations on his claim began to run. The two-year statute of

limitations ended on October 31, 2016, and Plaintiff's filing of the instant Complaint in October 2017 was, therefore, untimely. Significantly, nothing in the present Complaint suggests any basis to invoke either the discovery rule or equitable tolling. As a result, Plaintiff's claim is time-barred.[2]

    B. State Law Claim

Although Plaintiff does not explicitly assert a state law claim, this Court construes Plaintiff's Complaint as having raised a state law tort claim.[3] Having dismissed Plaintiff's federal claim, the remaining potential basis for this Court's jurisdiction over the state law claim is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (internal citation and quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Id.* at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Traditionally, where the federal claims are dismissed at an early stage in the litigation, courts decline to exercise

---

[2] This Court need not, and does not, address the merits of Plaintiff's claim because it is time-barred.
[3] Absent any evidence for equitable tolling, Plaintiff's state tort claim would also be time-barred because it is governed by the same two-year statute of limitations as his federal § 1983 claim. N.J. Stat. Ann. § 2A:14-2.

7

supplemental jurisdiction over state claims. *See Growth Horizons, Inc.,* 983 F.2d at 1284-85; *United Mine Workers*, 383 U.S. at 726. Here, since the Court has dismissed Plaintiff's federal law claim at the earliest possible stage of the proceeding, this Court exercises its discretion to decline supplemental jurisdiction at this time.[4]

## V. CONCLUSION

For the foregoing reasons, Plaintiff's federal claim is dismissed without prejudice as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also declines supplemental jurisdiction over any remaining state law claim. However, Plaintiff may submit an Amended Complaint within 30 days of this Opinion and Order to the extent that he is able to cure the deficiency in his federal claim.[5] Any motion to amend the complaint must include a proposed amended complaint that shall be subject to screening.

DATED: September 21st, 2018             s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                  United States District Judge

---

[4] If Plaintiff submits an Amended Complaint that states a federal claim for relief and reasserts his state law claim, the Court will exercise supplemental jurisdiction at that time.
[5] Plaintiff may only submit an Amended Complaint if he can plead facts showing that his claims are not time-barred.